UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATARA COLAY,

    Plaintiff,

v.                                      CASE NO. 6:23-cv-1499-WWB-UAM

CITY OF DAYTONA BEACH,
FLORIDA, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Time-Sensitive, Partially Unopposed Motion for Order Compelling Physical Examination of Plaintiff ("Motion"). Doc. 32. Defendants seek an order requiring Plaintiff to submit to a physical examination by Dr. Richard L. Shure, on January 31, 2025, at 11:30 a.m. Doc. 32 at 2-3. The Motion is mostly unopposed. *Id.* at 7; Doc. 34; Doc. 35 at 1-2. Additionally, Defendants have shown good cause for the requested examination pursuant to Federal Rule of Civil Procedure 35 ("Rule 35").

The parties dispute only whether the examination should be recorded, as requested by Plaintiff. *Compare* Doc. 32 *with* Doc. 35. Plaintiff appropriately acknowledges the prevailing authority that "an examinee ordinarily does not have a right to have counsel or a videographer present at a Rule 35 exam," and the Court's

1

"discretion to allow such presence" requires "a showing of good cause or 'special circumstances.'" Doc. 35 at 4 (citing *Osgood v. Disc. Auto Parts, LLC*, No. 3:13-cv-1364-J-34, 2014 WL 212323, at *6 (M.D. Fla. Jan. 21, 2014)); *see also Kozlowski v. Wal-Mart Stores E., LP*, No. 5:21-cv-261-ACC-PRL, 2022 WL 4133126, at *1 (M.D. Fla. Sept. 12, 2022); *Santamaria v. McDowell*, No. 3:21-cv-603-BJD-MCR, 2022 WL 1212807, at *8 (M.D. Fla. Apr. 25, 2022). Plaintiff also appropriately acknowledges the prevailing authority that, as the party seeking to record the examination, she "bears the burden of demonstrating good cause" for her request. Doc. 35 at 6 (citing *Wailes v. Doherty*, No. 3:21-cv-180-BJD-PDB, 2021 WL 3679108, at *1 (M.D. Fla. Aug. 19, 2021)); *see also Kozlowski*, 2022 WL 4133126, at *1; *Santamaria*, 2022 WL 1212807, at *8.

Plaintiff argues that the requisite good cause and special circumstances for recording exist in this case for four reasons: (i) "Plaintiff suffers from an array of mental health challenges," such that she is vulnerable and susceptible to confusion and cognitive challenges, Doc. 35 at 6-7; (ii) allowing recording "fosters the most accurate factual record" of the examination, *id.* at 7; (iii) recording would guard against the potential for intrusive or adversarial questioning to ensure lines are not "crossed" and "that all inquiries remain within permissible bounds" without overreaching, *id.* at 7-8; and (iv) recording provides an objective record to avoid later controversies, *id.* at 8-9.[1]

---

[1] Plaintiff includes a perfunctory and undeveloped "argument" as to the length of the examination. *Id.* at 9. Such is not properly raised. *See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98

Plaintiff's final three arguments are wholly unpersuasive. "[T]hese generalized arguments could be made about any Rule 35 examination in any case and provide no special circumstances about *this* case that justify" recording. *See Kozlowski*, 2022 WL 4133126, at *2 (rejecting arguments that recording was necessary "'to preserve an accurate record of the compulsory medical examination of Plaintiff and to prevent an unnecessary credibility dispute between Plaintiff and Defendant's professional witness'"; to "'ensure the defense examiner does not interrogate Plaintiff on liability questions in order to seek damaging admissions'"; and to "'protect Plaintiff from the all-too-common disagreements about what was and was not said during the exam'"); *see also Medina v. Valdez*, No. 5:24-cv-479-JSM-PRL, 2024 WL 4122881, at *2 (M.D. Fla. Sept. 9, 2024). Moreover, Plaintiff has given no reason to doubt that the chosen examiner, to which she did not object, will conduct an ethical and professional examination. *See Medina*, 2024 WL 4122881, at *2; *Kozlowski*, 2022 WL 4133126, at *2; *see also Santamaria*, 2022 WL 1212807, at *8.

The only even arguably *special* circumstance Plaintiff suggests about *this* case is her alleged mental health and cognitive issues. Doc. 35 at 6-7. But, as discussed above, Plaintiff acknowledges that it is her burden to show good cause. *Id.* at 4, 6; *see also*

---

F.4th 1343, 1356 (11th Cir. 2024); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023). In any event, Plaintiff has not justified limiting the examination to 2 hours. *See Santamaria*, 2022 WL 1212807, at *7.

3

*Osgood*, 2014 WL 212323, at *7 (explaining "good cause" inquiry looks for showing of "special circumstances" that "call for a protective order tailored to the specific problem presented") (quotation omitted). Yet Plaintiff offers no *evidence* of these issues,[2] only summary say-so. *See Tomlinson v. Landers*, No. 3:07-cv-1180-J-TEM, 2009 WL 2496531, at *3 (M.D. Fla. Aug. 12, 2009) ("Since Plaintiffs have neither come forward with evidence that Defendant's medical expert will not conduct a fair examination, nor come forward with any other evidence that would justify issuance of a protective order under Rule 26(c), the Court shall deny Plaintiffs' *ore tenus* motion [to have a court reporter or videographer record the examination]."); *cf. Evanston Ins. Co. v. Republic Props., Inc.*, No. 6:16-cv-1649-Orl-40GJK, 2018 WL 11350573, at *4 (M.D. Fla. Feb. 5, 2018) ("Generalized concerns, conclusory statements, or unsupported contentions are insufficient reasons for entry of a protective order."); *Herrera v. R & L Carriers, Inc.*, No. 2:16-cv-795-FtM-99MRM, 2017 WL 3584891, at *2 (M.D. Fla. June 2, 2017) (finding motion for protective order was due to be denied as it relied "solely on the factual representations of its counsel without offering any actual evidence to support its positions"). Regardless, the undersigned does not find recording necessary under the circumstances. Recording carries risks including, among others, potentially

---

[2] The only "evidence" mentioned by Plaintiff is certain deposition testimony filed by Defendant that Plaintiff argues reflects her cognitive issues. *Id.* at 6-7. But Plaintiff does not pinpoint cite to any specific testimony and, in any event, the undersigned is unable from the limited deposition excerpts to draw the sweeping mental-health conclusions Plaintiff argues.

4

causing a distraction, injecting a partisan character into the inquiry that could diminish the process, lending artificiality to the examination, and being inconsistent with the standard of professional care. *See Osgood,* 2014 WL 212323, at *6-7. In addition, Plaintiff's concerns are appropriately addressed by the ordinary safeguards under Rule 35 and applicable law. *See Santamaria*, 2022 WL 1212807, at *8; *Hollman v. Nokland*, No. 8:10-cv-0121-T-24AEP, 2010 WL 11629143, at *2 (M.D. Fla. Nov. 17, 2010). Thus, the Court will grant the Motion without the recording requested by Plaintiff.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 32) is **granted**.

2. Plaintiff, Latara Colay, shall submit to a physical examination by Dr. Richard L. Shure, on January 31, 2025, at 11:30 a.m. at Riley Reporting Company, 1300 Riverplace Boulevard, #610, Jacksonville, Florida 32207.

3. The manner, conditions, and scope of the examination shall be as set forth above and in the Motion.

**DONE AND ORDERED** in Jacksonville, Florida, on January 24, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:
Counsel of Record